```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
ERIN A. KEARNEY,

                         Plaintiff,           11-CV-06016

              v.                               DECISION
                                               and ORDER
KESSLER FAMILY LLC and
FRIENDLY ICE CREAM CORPORATION,

                         Defendants.
_____
```

## INTRODUCTION

Plaintiff, Erin A. Kearney ("Plaintiff"), brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., ("Title VII"), The Americans with Disabilities Act, 42 U.S.C. § 12101, et. seq. ("ADA"), and the New York State Human Rights Law, Executive Law § 296 ("NYSHRL") against Defendants Kessler Family LLC and Friendly Ice Cream Corporation, alleging discrimination based on sex, disability, and retaliation.

Defendant Friendly Ice Cream Corporation ("Friendly's") moves to dismiss Plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that: Plaintiff failed to file an administrative charge of discrimination against Friendly's or obtain a right-to-sue letter against Friendly's; Plaintiff failed to sufficiently plead that Friendly's was her employer under Title VII; and with respect to Plaintiff's state law claims against Friendly's, Plaintiff failed

to sufficiently plead that Friendly's was her employer under the NYSHRL.[1]

Plaintiff opposes Defendant's motion, and cross-moves to amend her complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, asserting four new allegations against Friendly's.

For the reasons set forth below, this Court grants Defendant Friendly's motion to dismiss and denies Plaintiff's motion to amend.

## BACKGROUND

Plaintiff began working for Kessler Family LLC ("Kessler") in October 2007 when she was hired as a waitress for Kessler's Friendly's restaurant in Fairport, New York. (Dkt. No. 1 at ¶¶ 26-7). Kessler Family LLC is a Friendly's franchisee that independently operates numerous Friendly's restaurants throughout New York State. (Id. at ¶ 8). Friendly Ice Cream Corporation is the owner of the Friendly's trademark and is the franchisor of all Friendly's restaurants throughout New York. (Id. at 7).

On January 12, 2011, Plaintiff filed the instant complaint against Defendants Kessler Family LLC ("Kessler"), and Friendly Ice Cream Corporation, pursuant to Title VII, the ADA, and the NYSHRL, alleging discrimination based on sex, disability, and retaliation.

---

[1]Defendant Kessler Family LLC has not moved to dismiss Plaintiff's complaint, and therefore the only claims pending before the court in the instant motion are those against Friendly's.

Prior to filing this action, Plaintiff filed an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").[2] (See id.). Plaintiff submitted an EEOC intake questionnaire on January 20, 2010, and filed a discrimination charge with the EEOC against Kessler Family LLC on April 9, 2010. (See Id., Exh. A; Exh. B). On her intake questionnaire, Plaintiff noted her workplace organization as "Friendly's Restaurant (Fairport, New York)," and also listed "Kessler Family LLC" and "Kessler Group, Inc." alongside. (See id., Exh. A).

On October 14, 2010, the EEOC dismissed Plaintiff's discrimination charge and issued a Dismissal and Notice of Rights. (Id.; Exh. C). The EEOC also sent Plaintiff a letter explaining the finding that, from the information Plaintiff provided, the Commission could not conclude that the Respondent in the action violated a federal law. Id. Both the dismissal and letter named only "Kessler Family LLC" as the respondent. Id. After receiving notice of her right to sue, Plaintiff filed the present action on January 12, 2011, naming both Kessler Family LLC and Friendly Ice Cream Corporation as defendants. (Dkt. No. 1 ¶¶ 1-13).

---

[2] It is well established that prior to bringing a claim of employment discrimination pursuant to Title VII or the ADA in federal court, a plaintiff must first exhaust his or her administrative remedies by filing an administrative complaint with the [EEOC], or with a state agency authorized to investigate the allegations. See 42 U.S.C. 2000e-5(f)(1); see also 42 U.S.C. § 12101.

**DISCUSSION**

**I.   Friendly's Motion to Dismiss**

    **A.   Standard of Review**

When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor."  See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008) (internal quotation marks omitted).  To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  See id. at 1965 (internal quotation marks omitted).  Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'"  See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir. 2008) (quoting Twombly, 127 S.Ct. at 1974).

**B.   This Court Grants Friendly's' Motion to Dismiss**

Friendly's moves to dismiss Plaintiff's claims on the grounds that she failed to file an EEOC charge and obtain a right-to-sue letter against Friendly's. (Dkt. No. 5 at 4). In support of this argument, Friendly's contends that: (1) Plaintiff failed to identify Friendly's in her EEOC charge, which bars her Title VII and ADA claims against it; (2) Friendly's does not share an identity of interest with Kessler Family LLC such that any notice of claim against Kessler would constitute notice against Friendly's; and (3) Friendly's is not the Plaintiff's employer, and therefore may not be liable to her for claims of employment discrimination.

For the reasons set forth below, I find that Plaintiff's failure to file an administrative charge of discrimination against Friendly's bars her from bringing the instant action against Friendly's. I further find that Plaintiff has failed to adequately allege that Friendly's is her employer, and therefore, I grant Friendly's' motion to dismiss Plaintiff's claims of employment discrimination against it.

It is uncontested that Plaintiff's EEOC charge and right-to-sue letter identified only "Kessler Family LLC" as respondent. (Dkt. No. 1, Exh. A; Exh. B; Exh. C). As noted above, it is well established that, prior to bringing a claim of employment discrimination in federal court, a plaintiff must exhaust her

administrative remedies by first filing an administrative complaint with the EEOC, or with an authorized state agency.  See 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12101; New York Executive Law § 296; see also Dozier v. Corning Cmty. Coll., 10-CV-6423T, 2010 U.S. Dist. LEXIS 113242, *1-2 (W.D.N.Y. Oct. 25, 2010).  Thus, "a plaintiff's Title VII claims against a defendant who is not named as a respondent in an EEOC charge or the right-to-sue letter in connection with the complaint will be dismissed from a Title VII action."  Manos v. Geissler, 377 F. Supp. 2d 422, 426 (S.D.N.Y. 2005) (citations omitted); see 42 U.S.C. 2000e-5(f)(1).[3]

Plaintiff argues that her failure to specifically name Friendly's in her EEOC charge is not fatal to her Title VII claim because a defendant need not be expressly named in an EEOC charge "where there is clear identity of interest between the unnamed defendant and the party named in the administrative charge."  (Dkt. No. 10 at 3)(quoting Vital v. Interfaith Med. Ctr., 168 F.3d 615, 619 (2d Cir. 1999)).  Plaintiff contends that because Friendly's shares an identity of interest with Defendant Kessler, the Court should deny Friendly's' motion to dismiss.  I find, however, that Plaintiff has failed to establish an "identity of interest" between Friendly's and Kessler Family LLC.

---

[3]Like Title VII claims, the ADA requires the same analysis and exhaustion of administrative remedies prior to filing in federal court.  See 42 U.S.C. § 12101(II)(A).  As such, this Court's analysis of Plaintiff's Title VII claims will apply concurrently to Plaintiff's claims brought under the ADA.

In determining whether two parties share an "identity of interest" such that failure to file an administrative complaint against one of the parties may be excused, the Second Circuit considers four factors:

>   (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the EEOC complaint filing;
>
>   (2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
>
>   (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and
>
>   (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Id. at 619.  (2d Cir. 1999).

Here, Plaintiff has failed to make any allegations that support an "identity of interest" exception.  There is no question that Friendly's' identity and role could have been determined at the time Plaintiff filed her EEOC charge.  (Dkt. No. 1, Exh. A; Dkt. No. 9, Exh. 1).  As mentioned above, Plaintiff identified her employer as "'Friendly's Restaurant' (Fairport, NY) Kessler Group, Inc., Kessler Family LLC" in her EEOC intake questionnaire.  (Dkt. No. 1, Exh. A).  Thus, Plaintiff was aware of the franchise relationship between Kessler and Friendly's prior to filing her

EEOC charge. Further, Plaintiff explicitly identified the franchise relationship between Kessler and Friendly's in her complaint for the present action. (Dkt. No. 1 ¶¶ 6-8). However, even though Plaintiff appeared able to distinguish Friendly's' relationship with Kessler, she nonetheless failed to name Friendly's as a respondent in her EEOC charge.

Second, Plaintiff has also failed to allege that the interests of Kessler and Friendly's are so similar that, for the purpose of obtaining voluntary conciliation and compliance through the administrative process, it was unnecessary to include Friendly's in the EEOC proceedings. Indeed, Plaintiff's original complaint contained no allegations regarding Kessler's relationship with Friendly's, nor did Plaintiff allege that Friendly's received notice of her EEOC charge. Further, the EEOC documents show that Friendly's did not receive notice and was not involved in correspondence. (Dkt. No. 1, Exh. B & C).

Additionally, adding "D/B/A Friendly's" to the charge as Plaintiff did is insufficient for providing notice to the charged party. See <u>Christaldi-Smith v. JDJ, Inc.</u>, 367 F. Supp. 2d 756, 762-64 (E.D. Pa. 2005)(naming "JDJ, Inc. d/b/a U.C.C. Total Home" and listing only JDJ's address on the EEOC charge was insufficient to place U.C.C. Total Home on notice of charge).

The third identity of interest factor also fails, as the lack of notice and Friendly's' subsequent absence from EEOC proceedings

undoubtedly prejudiced Friendly's' interests by preventing it from initiating steps toward conciliation or resolution.

Finally, Plaintiff's original complaint did not allege that Friendly's represented to Plaintiff that its relationship with her was to be through Kessler. As such, this Court does not find for an identity of interest exception for Plaintiff.

This Court also finds that naming Friendly's in the EEOC intake questionnaire (to the extent Plaintiff did) was insufficient to satisfy the statutory prerequisite. As noted above, Plaintiff identified Kessler alongside the restaurant name, but she did not identify Friendly Ice Cream Corporation, nor did she provide any contact information for it. (Dkt. No. 1, Exh. A). Moreover, even if Plaintiff had correctly identified Friendly's in her EEOC questionnaire, she still would not have given Friendly's sufficient notice since she failed to identify Friendly's in the official EEOC charge. See Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs., 917 F. Supp. 1282, 1284 (N.D. Ill. 1996) (finding that an EEOC intake questionnaire "does not serve as a 'charge' for purposes of notifying Defendants."). Because the identity of interest exception does not apply in this case, I find that Plaintiff failed to satisfy the statutory requisite of filing an administrative charge of discrimination against Friendly's, and therefore Plaintiff is barred from bringing suit against Friendly's in federal court.

Friendly's also argues that Plaintiff's discrimination claims against it must be dismissed because she has failed to sufficiently plead that Friendly's was her employer under Title VII. (Dkt. No. 5 at 10).

Courts have developed two different doctrines to determine when an entity is an individual's "employer" under Title VII. The "single employer" doctrine applies when two nominally distinct entities are actually a part of a single integrated entity. See Arculeo v. On-Site Sales & Mtkg., LLC, 425 F.3d 193, 198 (2d Cir. 2005). To prove a single employer relationship, a Plaintiff must submit facts that support four factors: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial support." Prince v. Cablevision Sys. Corp., 2005 U.S. Dist. LEXIS 8147, *13-4 (S.D.N.Y. May 6, 2005) (citing Cook v. Arrowsmith Shelburne, Inc., 69 F.3d 1235, 1240-41 (2d Cir. 1995)(adopting four-factor test).

To prove a "joint employer" relationship under the second doctrine, a plaintiff must allege "commonality of hiring, firing, discipline, pay, insurance, records, and supervision to determine whether an entity is a joint employer." Lima v, Addeco, 634 F. Supp. 2d 394, 399-400 (S.D.N.Y. 2009), aff'd 375 Fed. Appx. 54 (2d Cir. 2010).

Plaintiff's original complaint fails to allege facts that would support either the single or joint employer doctrine under Title

VII. Instead, Plaintiff alleges without support that "Defendants, and each of them, exercised control over the Plaintiff" and that "Plaintiff took direction from each of the Defendants." (Dkt. No. 1 ¶¶ 11-2). Plaintiff fails to establish support for the single employer doctrine in that she does not allege any interrelation of operations, centralized control of labor relations, common management, or common ownership or financial support. Further, she fails to allege any facts that would support a joint employment relationship in that she does not allege there was any commonality of hiring, firing, discipline, pay, insurance, records, or supervision. See Brown v. American Legion Cortland City Post 489, 64 F. Supp. 2d 96, 100-1 (N.D.N.Y. 1999). Accordingly, this Court finds that Plaintiff has failed to sufficiently plead that Friendly's was her employer under Title VII. For the same reasons, this Court also finds that Plaintiff has failed to sufficiently plead that Friendly's was her employer under the ADA.

**State Law Claims**

Finally, Friendly's argues that, to the extent that Plaintiff alleges claims under the NYSHRL against Friendly's, such claims must be dismissed because she has failed to sufficiently plead that Friendly's was her employer under the NYSHRL. (Dkt. No. 5 at 12).

To sufficiently plead that a plaintiff is an employee of a particular entity under NYSHRL, a plaintiff must allege that the proposed employer: had the power of selection and engagement of the

employee; made the payment of salary and wages to the employee; had the power of dismissal over the employee; and had the power to control the employee's conduct.  Hargett v. Metro. Transit Auth., 552 F. Supp. 2d 393, 405 (S.D.N.Y. 2008); Goyette v. DCA Adver. Inc., 830 F. Supp. 737, 746 (S.D.N.Y. 1993) (citing State Div. of Human Rights v. GTE Corp., 109 A.D.2d 1082, 1083 (4th Dept. 1984)).

Plaintiff fails to allege any facts that would satisfy the first three elements under NYSHRL.  Regarding the fourth element (the power to control Plaintiff's conduct), Plaintiff merely alleges that "the Defendants, and each of them, exercised control over the Plaintiff" and that "Plaintiff took direction from each of the Defendants."  (Dkt. No. 9-2 ¶¶ 12-3; see also ¶ 9).  This Court finds no support for Plaintiff's allegations.  While Plaintiff concludes that Friendly's exercised control and direction over Plaintiff, she provides no facts to support her allegations and fails to sufficiently plead that Friendly's was her employer under the NYSHRL.  See Eaton v. Goldstein Mgmt., Inc., 97 Civ. 6582, 1999 U.S. Dist. LEXIS 17655, *22 (S.D.N.Y. Nov. 10, 1999) (dismissing NYSHRL claims against defendant where plaintiff's "assertions that [defendant] controlled the terms and conditions of his employment [were] conclusory.")

Accordingly, this Court finds that Plaintiff has failed to sufficiently allege that Friendly's was her employer under NYSHRL.

As a result, I grant Defendant Friendly's' motion to dismiss Plaintiff's state law claims of employment discrimination.

## II. **<u>Plaintiff's Motion to Amend is Denied</u>**

In opposition to Defendant's motion to dismiss, Plaintiff seeks permission to amend her complaint pursuant to Rule 15(a).  (Dkt. No. 10).  Rule 15(a)(1)(B) states that "A party may amend its pleading once as a matter of course ... within 21 days after service of a motion 12(b)(6)...."  Rule 15(a)(2) additionally provides that "The court should freely give leave when justice so requires." However, a "district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." <u>Holmes v. Grubman</u>, 568 F.3d 329, 334 (2d Cir. 2009) (internal quotation marks omitted).  "A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." <u>Cooper v. Dennison</u>, 2011 U.S. Dist. LEXIS 31221, at *25 (W.D.N.Y. Mar. 23, 2011) (quoting <u>Martin v. Dickson</u>, 100 Fed. Appx. 14, 16 (2d. Cir. 2004)).

In her proposed amended complaint, Plaintiff adds four new allegations concerning Friendly's.  (Dkt. No. 9-2 at ¶¶ 10, 26-7, 29).  Specifically, Plaintiff alleges that:

> •At all times relevant herein, Friendly Ice Cream Corporation was and is in the business of owning, operating, managing, controlling, maintaining, and/or franchising, by and through its' servants, franchisees, agents, and/or employees, including franchisee employees, restaurant establishments, and as such, it operated, managed, controlled, and/or

> maintained the 1292 Fairport Road location referenced in this complaint. (Dkt. No. 9-2 at ¶ 10).
>
> •Upon information and belief, Friendly Ice Cream Corporation had actual notice that a charge had been filed with the EEOC. The basis for this belief is the website of Friendly Ice Cream Corporation which states that they provide training for their franchisee's management team, ongoing support services and provide an "Area Franchise Consultant." A copy of the relevant website representation of Friendly Ice Cream Corporation are annexed hereto as Exhibit 3. (Id. at ¶ 26).
>
> •That no effort at conciliation was ever initiated by the EEOC or any party herein, and no conciliation sessions were ever held. (Id. at 27).
>
> •That at all times during the pendency of her EEOC claim, the Plaintiff was not represented by counsel, and did not have the assistance of counsel in preparing the EEOC charge. (Id. at ¶ 29).

Plaintiff's proposed amendments fail to remedy the pleading deficiencies of her original complaint, and therefore, I find that amendment of the complaint would be futile. Accordingly, Plaintiff's motion to amend is denied.

Plaintiff argues that her failure to specifically name Friendly's in her EEOC charge is not fatal to her Title VII claim because an identity of interest exists between Friendly's and Kessler. (Dkt. No. 10 at 3). As stated above, however, I find that Plaintiff has failed to establish that Friendly's and Kessler

share an identity of interest for purposes of receiving notice of Plaintiff's administrative complaint.

Plaintiff claims that the second and fourth identity of interest factors are satisfied by the allegations in paragraphs 5-14 of her proposed amended complaint. (Dkt. No. 10 at 5). However, the only new allegation in that section states, in relevant part, that Friendly's "was and is in the business of owning, operating, managing, controlling, maintaining, and/or franchising...restaurant establishments, and as such, it operated, managed, controlled, and/or maintained the 1292 Fairport Road location" (Dkt. No. 9-2 ¶ 10). Such an allegation does not establish that the interests of Friendly's and Kessler were so similar that it was unnecessary to include Friendly's in the EEOC proceedings. Courts have regularly found the identity of interest exception inapplicable in the franchisor-franchisee context when a plaintiff fails to identify the franchisor in the EEOC charge, and later sets forth conclusory allegations regarding the franchisor's "right to control" the franchisee. (See Reeve v. SEI/Aaron's, Inc., 2008 U.S. Dist. LEXIS 25489 (W.D.N.Y. Mar. 31, 2008); Manos v. Geissler, 377 F. Supp. 2d 422 (S.D.N.Y. 2005)) (dismissing Title VII claims for failure to satisfy statutory prerequisites because plaintiff did not provide notice of charge to the franchisor).

Regarding the fourth identity of interest factor, although Plaintiff asserts that the proposed amended complaint's allegations

in paragraphs 5-14 establish that Friendly's represented to Plaintiff that its relationship with her was to be through Friendly's, and not Kessler Family LLC, Plaintiff's amendment provides no support for this and suffers from the same deficiencies of her original complaint.

Plaintiff's argument concerning the third identity of interest factor is similarly unpersuasive as Friendly's' absence from the EEOC proceedings clearly resulted in actual prejudice to its interests. In her proposed amended complaint, Plaintiff alleges that "upon information and belief, Friendly Ice Cream Corporation had actual notice that a charge had been filed with the EEOC." (Dkt. No. 9-2 ¶ 26). Plaintiff bases this belief on the Friendly's website, which states that Friendly's provides "training for their franchisee's management team, ongoing support services, and provide an 'area franchise consultant'." Id. However, Robert Sawyer, Friendly's Senior Vice President and General Counsel, stated in his Declaration that Friendly's never received notice of Plaintiff's EEOC charge during the pendency of her charge or at any point during the EEOC proceedings. (Dkt. No. 13-1 ¶ 4). Hence, Plaintiff's proposed allegation is discredited.

Plaintiffs are required to identify Title VII defendants in EEOC charges so that the charged party receives notice of the alleged violation and so the EEOC can attempt party negotiations through conciliation proceedings. See Bright v. Le Moyne Coll.,

306 F. Supp. 2d 244, 257 (N.D.N.Y. 2004). Since Friendly's was not named in the EEOC charge, it had no notice of Plaintiff's discrimination claim and was denied the opportunity to resolve the issue through voluntary conciliation.

Plaintiff argues that since the EEOC did not initiate any conciliation sessions, Friendly's was not prejudiced by Plaintiff's failure to file a charge against it. (Dkt. No. 10 at 5). However, the purpose of the statutory prerequisite is to notify the charged party of the alleged violation to give it an opportunity to resolve the dispute through conciliation. <u>See also Tamondong v. GMAC Commer. Credit LLC</u>, 2006 U.S. Dist. LEXIS 49254, at *9 (S.D.N.Y. July 11, 2006). Without notice, Friendly's did not receive an opportunity to represent its interests and was thus prejudiced by Plaintiff's failure to identify it in her EEOC charge.

Plaintiff attempts to remedy this error in her proposed amended complaint by alleging that "at all times during the pendency of her EEOC claim, the Plaintiff was not represented by counsel, and did not have the assistance of counsel in preparing the EEOC charge." (Dkt. No. 9-2 ¶ 29). Such an allegation does not alter this Court's conclusion that Plaintiff was required to file an administrative claim of discrimination against Friendly's.

First, Plaintiff admitted meeting with counsel in her EEOC charge, writing that she discussed her case with attorney Christina Agola. (Dkt. No. 1, Exh. A). Additionally, Plaintiff's EEOC

charge was notarized by attorney Christina Agola.  (Dkt. No. 1, Exh. B).  Further, even had Plaintiff proceeded without the assistance of counsel, the statutory prerequisite of filing with the EEOC (or similar state agency) is mandatory for every plaintiff who files a Title VII claim in federal court, including pro se plaintiffs.  See Tunne v. Duane Reade, Inc., 2011 U.S. Dist. LEXIS 27305, at *9 (S.D.N.Y. Mar. 12, 2011).  As such, Plaintiff's proposed amendment is futile.

Plaintiff next argues that her proposed amended complaint pleads a prima facie discrimination case under Title VII.  (Dkt. No. 10 at 6).  Here too, this Court finds Plaintiff's amendments unpersuasive.

Plaintiff alleges in her proposed amended complaint that Friendly's "owned," "operated," "managed," and "controlled" Kessler's "1292 Fairport Road location" in an attempt to establish the elements of the single employer doctrine (elements outlined above). (Dkt. No. 9-2 ¶ 10; see also Dkt. No. 10 at 6).  However, Plaintiff provides no facts to support her allegations.  Further, Plaintiff does not address elements of the joint employer doctrine, and does not allege any commonality of hiring, firing, discipline, pay, insurance, records, or supervision between Friendly's and Kessler. As such, this Court finds that Plaintiff's amendments are futile as she still fails to sufficiently plead that Friendly's was her employer under Title VII.

Finally, Plaintiff argues that her proposed amended complaint pleads a prima facie case of discrimination under the NYSHRL. (Dkt. No. 10 at 6). Here too, this Court finds Plaintiff's argument to be without merit. Plaintiff merely re-alleges the same statements from her first complaint that "the Defendants, and each of them, exercised control over the Plaintiff" and that "Plaintiff took direction from each of the Defendants. (Dkt. No. 9-2 ¶¶ 12-3; see also ¶ 9). As such, Plaintiff's claims remain without support.

Plaintiff's proposed amended complaint fails to remedy the deficiencies of her original complaint. As such, I find that the filing of Plaintiff's proposed amended complaint would be futile, and I therefore deny Plaintiff's motion to amend.

## CONCLUSION

For the reasons set forth above, Defendant Friendly's' motion to dismiss is granted, and Plaintiff's motion to amend is denied. Plaintiff's action against Friendly Ice Cream Corporation is hereby dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**


                                    s/Michael A. Telesca
                                    MICHAEL A. TELESCA
                                 United States District Judge

Dated:   Rochester, New York
         July 11, 2011